SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18898146 | D1 FX | 35432681 |

Rule 4 (B) Ohio

Rules of Civil Procedure

MIA LONG        PLAINTIFF
VS
CITY OF CLEVELAND, ET AL    DEFENDANT

## SUMMONS

CITY OF CLEVELAND
610 LAKESIDE AVE.
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Plantiff's Attorney

W SCOTT RAMSEY
55 PUBLIC SQUARE

SUITE 2100
CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN P O'DONNELL
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| May 22, 2018 |

By_____
       Deputy

COMPLAINT FILED   05/21/2018

CMSN130


EXHIBIT C

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MIA LONG<br>1433 Trotters Ridge Ln<br>Westlake, OH 44145<br><br>PLAINTIFF<br><br>v.<br><br>**CITY OF CLEVELAND**<br>610 Lakeside Ave.<br>Cleveland, OH 44114<br><br>And<br><br>**CITY OF CLEVELAND**<br>**DEPT. PUBLIC UTILITIES**<br>1201 Lakeside Ave.<br>Cleveland, OH 44114<br><br>And<br><br>**JOSE HERNANDEZ**<br>**CITY OF CLEVELAND**<br>**DEPT. PUBLIC UTILITIES**<br>1201 Lakeside Ave.<br>Cleveland, OH 44114<br><br>DEFENDANTS | CASE NO:<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>JURY DEMAND |

## I. INTRODUCTION

Now comes Plaintiff Mia Long by and through counsel and hereby files this Complaint pursuant to Ohio Law against the Defendants, City of Cleveland and its agents and employees;

City of Cleveland Dept. of Public Utilities and its agents and employees; and Jose Hernandez in his professional and personal capacity and in support thereof states as follows:

1. The Plaintiff at all relevant times has been a resident of Cuyahoga County Ohio. Plaintiff at all relevant times has been an employee of City of Cleveland Dept. of Public Utilities, and has been sexually harassed. The harassment consists of but is not limited to the following:

2. On or about February 2002, Plaintiff is hired by Defendant City of Cleveland Dept. of Public Utilities.

3. Thereafter, Defendant Hernandez begun pursuing a personal relationship with Plaintiff, although he was married and all with knowledge of Defendant Cleveland Dept. of Public Utilities management officials.

4. Defendant Hernandez then divorced in 2006, began to more aggressively pursue Plaintiff all with the knowledge of management of the Defendant Cleveland Dept. of Public Utilities. After years of pursuing Plaintiff, Defendant Hernandez persuaded her to enter a relationship, with them co-habitating and getting engaged in 2014.

5. Throughout her tenure with the Defendant City of Cleveland, Plaintiff was a valued employee, and by 2016, she had been promoted to the position of Business Process Analyst and was the project coordinator for the important city-wide City Works Implementation Project.

6. By July of 2016, the personal, intimate relationship between Plaintiff and Defendant Hernandez had terminated. At that time Defendant Hernandez worked to have Plaintiff effectively terminated from her employment with the City of Cleveland.

7. Defendant Hernandez, a senior ranking employee with Defendant Department of Public Utilities, began to engage in a pattern of intimidation, coercion and falsification of public

records, all done with the assistance of Defendants Dept. of Public Utilities and City of Cleveland.

8. Thereafter, on or about July 24, 2017, Defendant Hernandez filed a bogus Motion for Protective Order against Plaintiff and was granted an ex parte order of protection. There was a full hearing on the merits of this protective order on August 22, 2017, and on August 28, 2017 the order was dismissed.

9. However, prior to the ruling on the protective order, Defendant Hernandez used the meritless ex parte order of protection, to have Plaintiff removed from her place of employment, that being 1201 Lakeside Ave., and had her placed in at a Parma water plant, effectively precluding her from being able to do her job. To add insult to injury, Defendant Hernandez used this fraudulent document to have Plaintiff banned from the building.

10. On or about August 28, 2017, Plaintiff was force to leave employment at the Defendant Cleveland Dept. of Public Utilities as a result of the unlawful retaliation inflicted upon her by Defendant Hernandez with the participation and knowledge of management within the Defendant Cleveland Dept. of Public Utilities.

11. On or about August 28, 2017, Defendant Hernandez caused to be initiated groundless discipline/termination proceedings against Plaintiff. The allegations against her even make light of her serious medical condition, which qualifies her for FMLA status, all of which is well documented with the Defendants.

12. The Defendants are the City of Cleveland, the City of Cleveland Dept. of Public Utilities, their agents, and employees, and Jose Hernandez; all of which are residents and engaged in public services in Cuyahoga County Ohio.

13. Plaintiff is a women and member of a protected class, and has been threatened, ridiculed, harassed, had her job affected and terminated by the Defendants.

14. City of Cleveland, City of Cleveland Dept. of Public Utilities are political subdivisions incorporated by special legislative act in Ohio.

15. Defendant Hernandez is or was at all relevant times a Manager in Cleveland Dept. of Public Utilities.

16. Plaintiff has been subjected to sexual harassment in her employment with Defendants Cleveland Dept. of Public Utilities and City of Cleveland.

17. The harassment was and is based on sex.

18. The harassing conduct was and is sufficiently severe or pervasive to affect the terms, conditions, or privileges of Plaintiffs' employment, and all matters directly or indirectly related to employment.

19. The harassment was and is committed by a supervisor/manager, Defendant Hernandez; and the employer, Defendant City of Cleveland and Defendant City of Cleveland Dept. of Public Utilities, through its agents or supervisory personnel, who knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

20. Those Defendants have ratified Defendant Hernandez' actions by authorizing Defendant Hernandez to continue in employment while Plaintiff was forced out of employment.

21. Defendants, City of Cleveland and City of Cleveland Dept. of Public Utilities response to Plaintiff's complaints was untimely, inadequate and ineffective and not appropriate to complaints of sexual harassment based on the frequency and severity of the harassment as Defendants' response was not reasonably calculated to end the harassment.

22. Defendants' investigation of the sexual harassment ultimately proved to be ineffective to prevent further harassment were the harassment frequency, the harassment severity, and the harassment was physically threatening and humiliating, and the harassment unreasonably interfered with the Plaintiffs' work performance.

23. Defendant Hernandez, with the permission of the Defendants City of Cleveland and Cleveland Dept. of Public Utilities, was freely allowed to engage in sexual relationships with new and existing employees, and then allowed to intimidate and terminate Plaintiff.

24. Plaintiff notified Defendant City of Cleveland and Defendant Dept. of Public Utilities management of sexual harassment by Defendant Hernandez to seek relief from his behavior but was demeaned and reassigned to the Parma plant. All Defendants were put on notice of these sexually harassing behavior.

## FIRST CLAIM FOR RELIEF
### Sexual Harassment

25. Under Ohio's antidiscrimination statute and under Title VII of the Civil Rights Act, Defendants City of Cleveland and City of Cleveland Dept. of Public Utilities allowed a sex-based hostile work environment and the workplace was and is permeated with discriminatory intimidation, ridicule, and insults, that was and is sufficiently severe or pervasive to alter the conditions of the Plaintiffs' employment and creates an abusive working environment for which all Defendants are liable to Plaintiff in punitive, compensatory, and any other monetary damages, equitable relief and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

26. Further, City of Cleveland and City of Cleveland Dept. of Public Utilities Conduct Policy and Manual; and Sexual Offense Policy; each constitutes a separate contract between the Defendants and its employees to guarantee employees have not been put in an abusive environment. The Defendants have failed to follow its own policies and procedures. The Defendants breached those contracts with the Plaintiff by allowing the sexual harassment to continue after it was reported and to this day.

## THIRD CLAIM FOR RELIEF
### Negligent Hiring, Supervision and Retention

27. Defendants knew, or should have known of the harassment, and failed take insufficient actions to stop it and continues to allow Defendant Hernandez to victimize Plaintiff(s) to this day. Defendants' actions constitute a failure to train, negligent hiring, supervision and retention.

## FOURTH CLAIM FOR RELIEF
### Retaliation

28. Plaintiff has engaged in the protected activity of complaining to the Defendants City of Cleveland and City of Cleveland Dept. of Public Utilities about sexual harassment in the workplace; and after filing her complaint against Defendant Hernandez, Defendants engaged in adverse employment actions against the Plaintiff by issuing discipline; affecting the work environment; threats; increased surveillance; unjustified negative references; unjustified negative

evaluations; substantial changes in working conditions and areas; and other activities that would dissuade a normal person from engaging in protected activity and all Defendants are liable to Plaintiff for retaliation.

### FIFTH CLAIM FOR RELIEF
### Severe Emotional Distress

29. Defendants engaged in a prolonged pattern of outrageous conduct that has been beyond the bounds of civilized society in their actions of physically assaulting and touching Plaintiff and Plaintiff having to bear witness to and be the target of repeated sexual harassment and retaliation. Plaintiff has been forced into emotional distress that no reasonable person could endure and all Defendants are liable.

**WHEREFORE**, Plaintiff respectfully demands an amount in excess of $25,000.00; compensatory damages; punitive damages; attorneys' fees; and any other relief this court deems just and equitable. **PLAINTIFF REQUEST TRIAL BY JURY.**

Respectfully submitted,

/s/ W. Scott Ramsey
W. Scott Ramsey(0070820)
55 Public Square, Suite 2100
Cleveland, OH 44113
P. (216) 696-5520
F. (216) 274-9610