IN THE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIA LONG, | ) | CASE NO. 1:18-CV-01407 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | **DEFENDANT CITY OF CLEVELAND'S,** |
| CITY OF CLEVELAND, *et al*, | ) | **DEFENDANT CITY OF CLEVELAND** |
| | ) | **DEPARTMENT OF PUBLIC UTILITIES',** |
| Defendant. | ) | **AND DEFENDANT JOSE HERNANDEZ'S** |
| | ) | **MOTION FOR SANCTIONS PURSUANT** |
| | ) | **TO FEDERAL RULE OF CIVIL** |
| | ) | **PROCEDURE 37 AND, IN THE** |
| | ) | **ALTERNATIVE, MOTION TO DISMISS** |
| | ) | **FOR FAILURE TO PROSECUTE** |
| | ) | |

Defendants, City of Cleveland (the "City"), City of Cleveland Department of Public Utilities ("DPU"), and Jose Hernandez ("Hernandez") (collectively "Defendants"), by and through undersigned counsel, hereby submit their Motion for Sanctions pursuant to Federal Rules of Civil Procedure 37 and 41, along with Northern District Local Rule 30.1(b)(1). Specifically, Defendants are seeking a complete dismissal, with prejudice, of Plaintiff Mia Long's ("Long") claims against Defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and Federal Rule of Civil Procedure 37(d)(1)(A)(i) and (ii). In the alternative, Defendants are seeking a complete dismissal, with prejudice, of Plaintiff's claims against Defendants for Plaintiff's failure to prosecute her claims pursuant to Federal Rule of Civil Procedure 41(b).

Defendants are respectfully requesting a full dismissal of Plaintiff's claims against Defendants, with prejudice, pursuant to the aforementioned Federal Rules of Civil Procedure and

Northern District Local Rules because Plaintiff has failed to participate in discovery in this case, at all, and her failure to participate has gone so far as to mislead counsel repeatedly about outstanding discovery responses, failing to comply with this Court's Discovery Protocol Order, and unilaterally cancelling a properly scheduled and noticed deposition less than twelve hours before it was set to begin, causing Defendants to undergo preparation time and to incur court reporter fees. Plaintiff's continued failure to cooperate in the discovery process continues to block any and all progress in this case. Defense counsel has repeatedly attempted to amicably resolve these discovery issues without involving the Court, but Plaintiff remains uncooperative, unresponsive, and continues to materially misrepresent her intent to participate. A full brief in support, with attached exhibits, is attached hereto and incorporated herewith.

For certification of Defendants' efforts to resolve the scheduling issues, including but not limited to efforts to schedule telephone conferences in order to confer regarding obtaining answers to discovery and to schedule Plaintiff's deposition, see attached Declaration of Amanda M. Boutton.

        Respectfully submitted,

        BARBARA A. LANGHENRY (0038838)
        Director of Law
        By:   */s/ Amanda M. Boutton*
               MARK V. WEBBER (0007544)
               Chief Assistant Director of Law
               TIFFANY C. FISCHBACH (0083348)
               AMANDA M. BOUTTON (0093659)
               Assistant Directors of Law
               601 Lakeside Avenue, Room 106
               Cleveland, Ohio 44114
               Tel:    (216) 664-2800
               Fax:   (216) 664-2663
        E-mail:MWebber@city.cleveland.oh.us
               TFischbach@city.cleveland.oh.us
               ABoutton@city.cleveland.oh.us
        *Attorneys for Defendants*

## MEMORANDUM IN SUPPORT

I.     **PROCEDURAL HISTORY AND MATERIAL FACTS RELEVANT TO THIS MOTION**

    a. *The Court's Initial Orders*

Plaintiff filed her original action in the Cuyahoga County Court of Common Pleas, Case No. CV-18-898146, which included a claim for Sexual Harassment under Title VII of the Civil Rights Act ("Count I"), a claim for Breach of Contract ("Count II"), a claim for Negligent Hiring, Supervision, and Retention ("Count III"), a claim for Retaliation ("Count IV"), and a claim for Severe Emotional Distress ("Count V"). See *generally,* Docket No. 1, Notice of Removal, Attachment 4. On June 21, 2018, Defendants properly removed the action to this Court due to Plaintiff's invocation of Title VII within her original Complaint. *Id.*

On July 2, 2018, the Court filed its Case Management Scheduling Order which provided, in relevant part in Section V(A) that, "Discovery shall be guided by Local Rule 26.1, as well as all applicable Federal Rules of Civil Procedure. **The parties shall, however, start discovery before their Fed. R. Civ. P. 26(f) discovery conference.**" See Docket No. 5, Case Management Conference Scheduling Order, p. 3 (**emphasis** in original). On the same day, the Court also filed its Discovery Protocol Order which provided in relevant part:

> The Court orders that the parties to this case comply with these discovery requirements as described below. These Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure (F.R.C.P.) and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(1). The purpose of the pilot project is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

3

Docket No. 6, Discovery Protocol Order, p. 1. This Order then went on to provide that production by both parties under this order was due within 30 days after Defendants filed a responsive pleading or motion, "unless the court orders otherwise," which the Court did not in this case. *Id.*

### b. *Plaintiff's Continued Non-Compliance*

Pursuant to the Court's case management scheduling order, Defendants propounded upon Plaintiff their first combined set of requests for admission, interrogatories, and requests for production of documents on Tuesday, July 10, 2018. (See Exhibit A, Defendant City of Cleveland's Combined Discovery Requests; Exhibit B, Declaration of Amanda M. Boutton at ¶ 2, attached Exhibit A, ¶3; Exhibit C, Attempted Deposition of Mia D. Long, attached Exhibit A) Pursuant to Federal Rule of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), Plaintiffs responses to the combined discovery requests would be due to Defendants no later than Thursday, August 9, 2018. The discovery planning conference was held on July 12, 2018 at 2:00 PM and was attended by counsel for Plaintiff, W. Scott Ramsey ("Ramsey"), and counsel for all Defendants, Mark Webber ("Webber"), Amanda Boutton ("Boutton"), and Tiffany Fischbach ("Fischbach). (Docket No. 7, Report of Parties' Planning Meeting.) Prior to this meeting and still to date, Plaintiff propounded no discovery requests upon Defendants. (Exhibit B, ¶ 3)

As Defendants filed their answer on June 27, 2018, all disclosures under the Court's Discovery Protocol Order were to be exchanged between the parties no later than July 27, 2018. Docket No. 6. In compliance with this order, Defendants served Plaintiff's counsel with their combined responses on July 27, 2018. (Exhibit B, ¶5, attached Exhibit B.) Defendants further supplemented these responses on August 6, 2018. (*Id.*, ¶6, attached Exhibit C) Instead of engaging in discovery and producing the required information pursuant to the Discovery Protocol Order, which would have ensured Plaintiff was complying with multiple orders of this

Court, Plaintiff filed a Motion for Continuance on the afternoon of August 1, 2018, less than one full day before the 9:00 AM Case Management Conference on August 2, 2018. (Docket No. 8, Motion to Continue Hearing.) Within Plaintiff's Motion, counsel for Plaintiff states, "Counsel has realized that he has inadvertently neglected to follow the Court's Discovery Protocol Order and is not prepared for the hearing. Plaintiff will have this information to Defendants simultaneously with the instant filing." *Id.* However, this was a material misrepresentation as Plaintiff did not provide Defendants with the required disclosures simultaneously with the filing—or at all over one month later. (Ex. B, ¶ 6)

The August 2, 2018 Case Management Conference was the second and last significant communication that Defendants received from Plaintiff's counsel. Thereafter, a series of attempts and pleas for participation from Defendants began in order to fully investigate Plaintiff's claims and explore the facts of this case, however, all of Defendant's efforts were done to no avail. (Ex. B, generally; Ex. C, generally)

- On August 17, 2018, Boutton sent an e-mail to Ramsey inquiring as to when Defendants could expect to receive Plaintiff's long over-due discovery responses and discovery protocol disclosures. Boutton reminded Ramsey of the due dates for each set of information, however, Boutton made no inquiry as to the unanswered requests for admission as these were automatically deemed admitted on August 10, 2018 after Plaintiff failed to timely respond and obtained no extension. See Fed.R.Civ.Pro 36(a)(3). Boutton's e-mail further provided Defendants' availability for conducting Plaintiff's deposition, stated that the deposition would take a full business day, and requested that Ramsey respond by August 22, 2018 or Defendants would notice Plaintiff's deposition for a date and time most convenient for them. (Ex. B, ¶9, attached Exhibit D; Ex. C, attached Exhibit B)

- On August 22, 2018 at 5:01 PM, Boutton served the Notice of Deposition of Mia D. Long upon Plaintiff's counsel, Ramsey, as Ramsey failed to respond to the August 17, 2018 e-mail. (Ex. B, ¶ 10, attached Exhibit E; Ex. C, attached Exhibit C) Boutton's e-mail again inquired as to when Defendants could expect to receive Plaintiff's outstanding Discovery Protocol Disclosures and combined discovery responses. (*Ids*.) Lastly, the e-mail closed with, "In the event that we receive any information through [Plaintiff's]

5

various discovery responses after the deposition date, we reserve the right to reconvene the deposition at a later date in order to inquire about the additional information," as Plaintiff evidently was not keen on complying with the Federal Rules or court orders governing discovery. (*Ids.*)

- On August 28, 2018, Boutton called, left a voicemail, and e-mailed Ramsey in a third attempt at obtaining Plaintiff's outstanding discovery responses. (Ex. B, ¶¶ 11-12, attached Exhibit F; Ex. C, attached Exhibits D-E) Finally, **six days after receiving the Notice of Deposition**, Ramsey responded and stated, "You will have all responded by this Friday but I will call you as soon as I'm out of this meeting. Also September 5 and 6 are bad for me for the deposition. I usually schedule them at 1pm [sic] because I'm always in court in the morning." (Ex. B, ¶ 13 attached Exhibit F.) Boutton responded, attempting to work with Ramsey in good faith, and offered September 7 for Plaintiff's deposition but again explained Defendant's need to begin the deposition in the morning. (*Id.* ¶ 14, attached Exhibit F) Ramsey never placed a call to Boutton or followed up on his promise to further communicate that day, or any day in the following week. (*Ids.*)

- On August 30, 2018, Boutton again called, left a voicemail, and e-mailed Ramsey in an attempt to ascertain whether Ramsey and Plaintiff were available for Plaintiff's deposition on the alternative date of September 7, 2018. (Ex. B, ¶15, attached Exhibit G; Ex. C, attached Exhibit E)

- On August 31, 2018, after still no further communication from Ramsey, Defendants, by and through Boutton, issued an Amended Notice of Deposition for Plaintiff for Friday, September 7, 2018 at 9:30 AM. (Ex. B, ¶¶ 16-17, attached Exhibit H; Ex. C, attached Exhibit F) Boutton further reminded Ramsey of his agreement to produce all outstanding information to Defendants by August 31, 2018 after Ramsey had taken the liberty of extending his time to respond to the Court's discovery Protocol Order and Defendants' combined discovery request twice as of August 28, 2018. (*Ids.*)

- Defendants did not receive any discovery responses from Plaintiff by August 31, 2018. (Ex. B, ¶ 18)

- On September 5, 2018, Boutton inquired regarding the need to dismiss Plaintiff's claim for Severe Emotional Distress as Plaintiff failed to identify an expert by the September 4, 2018 deadline. (Ex. B, ¶ 20, attached Exhibit I, Ex. C, attached Exhibit G) Boutton attached the proposed stipulated dismissal and explained that, "in reliance on your not disclosing an expert and the upcoming dismissal of the claim for intentional infliction of severe emotions distress, Defendants will forego their right to initiate a Rule 35 mental health examination of Ms. Long," but reserved the right to initiate the examination if Plaintiff's claim for emotional distress was not dismissed. (*Ids.*) To date, Plaintiff's

6

counsel has not addressed this e-mail, the stipulated dismissal, or Plaintiff's decision not to disclose an expert by the Court's deadline. (Ex. B, ¶ 20)

### c. *Plaintiff's Improper Cancellation and Failure to Appear for a Properly Noticed Deposition*

As previously mentioned, Defendants served an Amended Notice of Deposition upon Plaintiff in an effort to accommodate Plaintiff's counsel's schedule despite Ramsey declining to communicate with Defendants' counsel before the initial Notice of Deposition was served. (Ex. B, ¶ 17) Ramsey agreed to call Boutton on August 28, 2018 and has yet to ever make that call. (*Id.* ¶12) Defendants' ability to be patient and accommodating reached its limit when, late in the evening on September 6, 2018, Ramsey attempted to unilaterally cancel Plaintiff's deposition as a final act of unprofessionalism and in complete and total violation of Local Rule 30.1. (*Id.* ¶ 21-22, attached Exhibit J; Ex. C, attached Exhibit H) At 10:07 PM on September 6, 2018, less than twelve hours before Plaintiff's deposition was scheduled to begin and **nine** days after receiving the Amended Notice of Deposition, Ramsey e-mailed Boutton claiming that, "September 7 is not a good day for me," promising to offer alternate dates on September 7 and again, for a third time, agreeing to produce all of Plaintiff's outstanding discovery responses. (*Ids.*)

Boutton promptly responded that it was inappropriate for Ramsey to unilaterally cancel the deposition and explained that the deposition would absolutely be moving forward as Ramsey offered no good cause as to why neither he nor Plaintiff would be attending, had failed to timely communicate prior to the night before the deposition, and that it was now impossible for Defendants to move or cancel the deposition without incurring court reporter costs. (*Ids.*) The reply further stated, "[W]e will be going on the record with the court reporter promptly at 9:30 AM and accurately documenting that neither you nor your client are present if you indeed do not appear." (*Ids.*) At the deposition, Defendants waited over 15 minutes past the noticed start time

for Ramsey or his client to appear before going on the record, outlining Defendants' efforts to communicate, and explaining that still neither Plaintiff nor her counsel bothered to be present for the deposition. (Ex. C, throughout) Defendants received absolutely no communication from Ramsey on September 7, 2018. (Ex. B, ¶ 22)

## II.  LAW AND ARGUMENT

It is Defendants' position that this is not a discovery dispute which would be governed under Local Rule 37.1 as Plaintiff has not made any effort to object to or respond in any way to the outstanding discovery, nor has Plaintiff offered any substantive communication or made a showing of good cause regarding difficulty scheduling depositions. There has been no dispute but rather just a complete and total failure by Plaintiff to prosecute the case—on a case that Plaintiff filed.

Nevertheless, Defendants have fully complied with Local Rule 37.1(a)(1), all applicable Federal Rules of Civil Procedure, and this Court's orders. All of Defendants' counsel's efforts to make a sincere, good faith effort to engage in discovery and comply with this Court's orders without seeking further Court intervention are outlined above, including two voicemails and no less than seven follow-up e-mail messages in a span of less than thirty days. (Declaration/Deposition) Plaintiff's counsel has not returned a single telephone call, produced documents or *any* responsive information by *any* of the deadlines of the three "extensions" that Plaintiff's counsel unilaterally granted himself. Further, Plaintiff's counsel failed to timely object or seek a protective order from Plaintiff's properly noticed September 7, 2018 deposition but still neglected to attend causing Defendants' to undergo not only preparatory fees and time consuming steps, but also to incur court reporter costs as well.

8

Defendants are now left with no choice but to file this motion and seek the appropriate remedy from this Court: dismissal of Plaintiff's action, with prejudice, for failure to prosecute, or, in the alternative, an order barring Plaintiff from propounding any future discovery in this case.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order:

> (A) *For not Obeying a Discovery Order.* If a party or a party's office, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey and order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. This may include the following:
>
>> i. Directing that matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>>
>> ii. Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> iii. Striking pleadings in whole or in part;
>>
>> iv. Staying further proceedings until the order is obeyed;
>>
>> **v. Dismissing the action or proceeding in whole or in part;**
>>
>> vi. Rendering a default judgment against the disobedient party; or
>>
>> vii. Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(a)(2)(A) (**emphasis** added). Furthermore, Federal Rule 37(d) provides the following:

> (d) **Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection**
>
>> (1) *In General.*
>>
>>> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

      (i)    A party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being serves with proper notice, to appear for that person's deposition; or

      (ii)    A party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) *Certification.* A motion for sanctions for failing to answer or response must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under rule 26(c).

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expense, including attorney's fees, cause my the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (**emphasis** added).

Under Federal Rules 37(b)(2)(A) and 37(d) alone, absent any analysis of further rules, it is clear that Plaintiff's failure to participate *at all* in the discovery process and failure to appear at a properly noticed deposition warrant dismissal of all of Plaintiff's claims, with prejudice. Given Plaintiff's complete and total disregard for this Court's orders and the Federal Rules of Civil Procedure, dismissal is warranted.

Additionally, Federal Rule of Civil Procedure 41(b) allows for an involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed R. Civ. P. 41(b). The Sixth Circuit Court of Appeals has recognized that a dismissal under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.,* 173 F.3d 359, 363 (6th Cir. 1999) (quotation marks and citation omitted). "Determining whether dismissal is the appropriate sanction is a matter within the discretion of

the district courts." *Jackson v. Sterilite Corp.*, Nos. 5:13CV861; 5:13CV862, 2014 WL 5407911, at *2 (N.D. Ohio Oct. 16, 2014) (citing *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795 (6th Cir. 2002)).

When determining whether dismissal for failure to comply with court orders regarding discovery, failure to comply with discovery obligations, or failure to prosecute is an appropriate sanction, a court must assess four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citations omitted). These factors allow a court to balance "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16CV1785, 2017 WL 1235006, at *4 (N.D. Ohio Apr. 4, 2017) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal quotation marks omitted)).

When analyzing the first factor, a court looks to plaintiffs' conduct to determine if it displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005). With respect to disobeying court orders and refusing to comply with discovery requests, "the burden of showing that a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom sanctions are sought." *Jackson v. Sterilite Corp.*, Nos. 5:13CV861; 5:13CV862, 2014 WL 5407911, at *2 (N.D. Ohio Oct. 16, 2014) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Therefore, "it is

11

presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.* (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks omitted)).

With respect to the first factor, Defendants assert that Plaintiff's failure to comply with discovery obligations and court orders regarding discovery clearly demonstrate a willful, bad faith, and reckless disregard for the effect of Plaintiff's conduct on judicial proceedings. On August 1, 2018, Plaintiff went as far as to state in a motion that the requisite responsive information would be provided to Defendants "simultaneously" with the filing of the motion. Docket No. 8. That was 42 days ago and Plaintiff has not provided a single responsive document. Instead, Plaintiff's counsel continually makes promises to provide the required information and comply with the Court order—despite being severely untimely—and then neglects his own self-imposed deadlines with no further communication or requests for extension. It is clear from Plaintiff's conduct that this Court's discovery protocol order, case management order, and the Federal Rules of Civil Procedure are meaningless.

Plaintiff is represented by counsel and is able to comply with discovery obligations, however, Plaintiff is actively **choosing not to comply**; Plaintiff has outright ignored deadlines set by Court Orders and the Federal Rules of Civil Procedure; and Plaintiff has willfully delayed the discovery process in this case by refusing to respond to Defendants' written discovery requests and refusing to attend her deposition despite good faith efforts by Defendants to reschedule and communicate **repeatedly**. As of the date of this motion, Plaintiff has had a total of 72 days since the Court filed its Discovery Protocol Order to gather and serve the responsive information to Defendants. Further, Plaintiff has had 64 days from the date that the City propounded written discovery requests upon her and yet still Plaintiff has made no effort to

respond. This is willful, wanton, and egregious. There has been no discovery dispute, no objections to the combined discovery requests, no mention by Plaintiff at the Case Management Conference or elsewhere that there is a problem with complying. Plaintiff is simply not participating in her own case.

The second factor, whether Defendants were prejudiced by Plaintiff's conduct, also strongly weighs in favor of dismissing Plaintiff's case. The Sixth Circuit Court of Appeals has held that for this factor, "a defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008). Plaintiff's unwillingness to participate in litigation that she has commenced has caused prejudice to Defendants as it has wasted the valuable time and resources of Defendants, Defense Counsel, and the Court. The time and resources of Defendants and their counsel has been spent encouraging Plaintiff to meet the obligations associated with litigation—namely discovery and deposition attendance—along with court reporter fees, deposition preparation time expenditure as there was no proper notice of a scheduling conflict, follow-up calls, e-mails, and the attendance of Defendants' representatives at the deposition. *See, e.g., Jackson v. Sterilite Corp.,* Nos. 5:13CV861; 5:13CV862; 2014 WL 5407911, at *4 (N.D. Ohio Oct. 16, 2014)("There can be no question that this unwillingness to participate in litigation has resulted in prejudice to defendants, as they have been required to waste valuable time and resources attempting to get plaintiff to meet his discovery obligations."); *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) ("We have no doubt that [defendant] was prejudiced by [plaintiff's] failure to respond to interrogatories. Not only had [defendant] been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation

which [plaintiff] was legally obligated to provide."); *Robinson v. Gen. Motors Corp.*, No. 4:12CV1604, 2013 WL 999598, at *3 (N.D. Ohio Mar. 13, 2013) ("Defendant has been prejudiced by its waste of time, money, and effort in attempting to get plaintiff to meet her discovery obligations and by having to defend a case in which plaintiff refuses to meaningfully participate.").

With respect to the third factor, Plaintiff is represented by counsel, Ramsey, who is licensed in the Federal District Court for the Northern District of Ohio. By virtue of being admitted to this district, Ramsey should be familiar with this Court's local rules and the Federal Rules of Civil Procedure which contain multiple warnings regarding the sanctions that will apply for failing to participate in discovery or to comply with a court order, as outlined above. Further, this Court's Case Management Scheduling Order provides yet another warning when it states, "This case is subject to both the Local Rules of the United States District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure. All counsel are therefore expected to familiarize themselves with the Local and Federal Rules." Docket No. 5, p. 2. Further, the Court's Discovery Protocol Order states clear instructions: "The Court orders that the parties to this case comply with these discovery requirements as described below." Docket No. 6, p. 1.

Finally, for the final factor, it is unlikely that lesser sanctions would have any effect on Plaintiff's conduct. Plaintiff has had every opportunity to cooperate and prosecute her case. Defendants have been more than patient for months. Plaintiff has already demonstrated that she is unwilling to participate in this litigation—which she chose to file—or abide by any of this Court's orders. Any other sanction would further needlessly delay this action, rewarding Plaintiff for her knowing and intentional refusal to comply with the deadlines set by the Court and the Federal Rules.  Totally ignoring answers to interrogatories, requests for production of

documents, and failing to appear at a duly noticed deposition could each independently be grounds for dismissal. Taken in the aggregate, the Plaintiff has totally ignored all discovery responsibilities. Such a complete abdication of responsibilities under the rules dictates that the sanction should be dismissal. While Defendants recognize that in less severe circumstances remedies such as ordering the Plaintiff to compel may suffice, no other sanction in this situation is commensurate with the magnitude of Plaintiff's discovery violations in this case. Federal Rule of Civil Procedure 37(d) provides for dismissal without first obtaining a court order. Thus the rule recognizes that a total failure to answer the discovery requests in this case is tantamount to disobedience to court orders requiring answers to interrogatories and requests for production of documents and requiring Plaintiff to appear at a duly noticed deposition.

### III.    CONCLUSION

For all of the aforementioned reasons, and because every factor put forth by the Sixth Circuit Court of Appeals in *Mulbah v. Detroit Bd. of Educ.* weighs in favor of dismissing Plaintiffs' claims with prejudice for failure to comply with court orders regarding discovery, failure to comply with discovery obligations, and failure to prosecute, Defendants respectfully move this Court to dismiss all of Plaintiffs' claims with prejudice.

[INTENTIONALLY LEFT BLANK]

        Respectfully submitted,

        BARBARA A. LANGHENRY (0038838)
        Director of Law

By:    */s/ Amanda M. Boutton*
        MARK V. WEBBER (0007544)
        Chief Assistant Director of Law
        TIFFANY C. FISCHBACH (0083348)
        AMANDA M. BOUTTON (0093659)
        Assistant Directors of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114
        Tel:    (216) 664-2800
        Fax:   (216) 664-2663
E-mail: MWebber@city.cleveland.oh.us
        TFischbach@city.cleveland.oh.us
        ABoutton@city.cleveland.oh.us

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that that on the 12th day of September, 2018, the foregoing *Defendant City Of Cleveland's, Defendant City Of Cleveland Department Of Public Utilities', And Defendant Jose Hernandez's Motion For Sanctions Pursuant To Federal Rule Of Civil Procedure 37 And, In The Alternative, Motion To Dismiss For Failure To Prosecute* was filed electronically via the Court's electronic filing system ("ECF"). Notice of this filing will be sent to all parties via the ECF system and parties pay access this filing through the Court's ECF system.

        */s/ Amanda M. Boutton*
        AMANDA M. BOUTTON (0093659)

16