IN THE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIA LONG, | ) | CASE NO. 1:18-CV-01407 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | **DEFENDANTS' MEMORANDUM IN** |
| CITY OF CLEVELAND, *et al*, | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION FOR EXTENSION OF TIME** |
| Defendant. | ) | **TO RESPOND TO DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |

Defendants, City of Cleveland (the "City"), City of Cleveland Department of Public Utilities ("DPU"), and Jose Hernandez ("Hernandez") (collectively "Defendants"), by and through undersigned counsel, hereby respectfully request that this Court deny Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment ("Plaintiff's Motion"), filed on November 21, 2018, as it fails to assert good cause as to why an extension should be granted. Plaintiff's lack of time to obtain proper deposition transcripts is due only to Plaintiff failing to manage her time properly after the Court issued its dispositive motion and reply deadlines set on August 2, 2018. *See* Docket No. 5, Case Management Scheduling Order.

A court's scheduling order may only be modified after a showing of "good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). A showing of "good cause" shall only be found where "forces beyond the control" of the party asserting good cause prevent the moving party from meeting an established deadline. *See Proctor v. Northern Lakes Community Mental Health*, 560 Fed.Appx. 453, 457 (6th Cir.2014) (citing *Nicholson v. City of Warren,* 467

F.3d 525 (6th Cir. 2006) (holding that not even Appellant's medical condition that caused her to be bed ridden for several weeks was good cause to excuse her from timely filing her notice of appeal as there was no indication that the medical condition prevented Appellant from filing documents.)). An extension of a scheduling order, particularly with respect to opposing a motion for summary judgment, may be denied when the plaintiff fails to allege, "any facts showing her failure to timely respond to defendants' motion for summary judgment amounts to excusable neglect." *Famularcano v. SanMar Corp.,* S.D.Ohio No. 1:10-CV-511, 2012 WL 4180417, *2, *report and recommendation adopted*, S.D.Ohio No. 1:10-CV-005112012 WL 4848974. Excusable neglect is a "strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren,* 467 F.3d 525, 527 (6th Cir.2006) (citing *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989)).

In the instant situation, Plaintiff has failed to show good cause for her request for an extension, has misrepresented the timeline that lead to the November 21, 2018, depositions of Jose Hernandez and Frances Paster, and cannot show excusable neglect for her alleged inability to timely file a brief in opposition to Defendants' pending motion for summary judgment. Plaintiff's motion states:

> Plaintiff requires this additional time because two crucial depositions are being conducted on the date of this filing, November 21, 2018 of Defendant Jose Hernandez and another employee of Defendant, City of Cleveland. Today's date was the only available date to conduct these depositions.
>
> Further, counsel for the Defendants has advised the deposition not to waive reading and signature with regard to the transcripts of the depositions, thereby precluding the Plaintiff from being able to respond by the ordered date of November 26, 2018.

See Docket No. 21, Plaintiff's Motion for Extension.

The Court set Plaintiff's deadline for her brief in opposition on August 2, 2018—3 months and 24 days prior to the November 26, 2018 deadline to oppose Defendants' motion for

summary judgment. See Docket No. 5. Plaintiff failed to formally discuss deposition dates with counsel for Defendants until Tuesday, October 30, 2018. See Exhibit A, Deposition Discussion E-mails. Plaintiff taking depositions as late as November 21, 2018 is not the fault of Defendants or any delay on Defendants' part, unlike what Plaintiff has asserted in her motion, as Defendants have been willing to communicate and cooperative throughout the pendency of this litigation—unlike Plaintiff. See Docket No. 12, Attachments 1 through 3. As the attached correspondence illustrates, Defendants' counsel was prompt in ascertaining the deponents' availability, in responding to Plaintiff's request, and cooperative in setting dates for the deposition. See Exhibit A. However, even had Defendants' been available for depositions the day after Plaintiff's request, the transcripts of the depositions would not be available for use in Plaintiff' brief in opposition until at least December 1, 2018—even if the court reporter of Plaintiff's choosing was able to have the transcript available for reading immediately. Fed. R. Civ. P. 30(e).

Additionally, Plaintiff's request for extension, even if granted, will not allow Plaintiff to use the deposition transcripts in his brief in opposition. Depositions were conducted on November 21, 2018. Assuming—although it is an improbability— that the court reporter is able to have the transcripts available to be read immediately after the conclusion of the depositions, the earliest date that the deposition transcripts could be used would be Friday, December 31, 2018. *Id.* Thus, Plaintiff requesting an extension of seven days, until December 3, 2018, is futile and will not accomplish Plaintiff's goal. This further illustrates that Plaintiff's stated reasons for an extension are inaccurate and thus do not amount to a showing of good cause or excusable neglect.

Lastly, Plaintiffs have filed to comply with the requirements of Fed. R. Civ. P. 56(d), which lists very specific requirements:

(d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Plaintiff's motion fails to comply with *any* of these requirements as it does not contain any reference to specific reasons for facts that it cannot present that are essential to justify Plaintiff's opposition to Defendants' motion for summary judgment. See Docket No. 21. Plaintiff's Motion also fails to contain any affidavit or declaration indicating the specific reasons as to why Plaintiff is unable to present facts essential to justify her opposition.

In conclusion, for the foregoing reasons Defendants' respectfully request that this Court deny Plaintiff's motion as it fails to assert good cause as to why an extension should be granted and wholly fails to comply with Fed. R. Civ. P 56(d).

Respectfully Submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By:  */s/ Amanda M. Boutton*
MARK V. WEBBER (0007544)
Chief Assistant Director of Law
TIFFANY C. FISCHBACH (0083348)
AMANDA M. BOUTTON (0093659)
Assistant Directors of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Tel:   (216) 664-2800
Fax:   (216) 664-2663
E-mail: MWebber@city.cleveland.oh.us
TFischbach@city.cleveland.oh.us
ABoutton@city.cleveland.oh.us

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that that on the 23rd day of November, 2018, the foregoing *Defendants' Memorandum In Opposition To Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion For Summary Judgment* was filed electronically via the Court's electronic filing system ("ECF"). Notice of this filing will be sent to all parties via the ECF system and parties pay access this filing through the Court's ECF system.

                                        */s/ Amanda M. Boutton*
                                        AMANDA M. BOUTTON (0093659)